NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

The DIVIGARD BAKING CO.,
Respondent.

No. 37, Docket 30382.

United States Court of Appeals
Second Circuit.

Argued Oct. 3, 1966.

Decided Oct. 19, 1966.

Richard S. Rodin, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Glen M. Bendixson and Evalyn A. Gutman, Attys., N. L. R. B., Washington, D. C., on the brief), for petitioner.

William J. Larkin, 2d, Waterbury, Conn., for respondent.

Before SMITH, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

The National Labor Relations Board seeks enforcement of its order against respondent. The Board's decision and order are reported at 153 NLRB No. 36.

The Board found that respondent had violated Sections 8(a)(1), 8(a)(2), 8(a)(3) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), (a)(2), (a)(3) and (a)(5), and it ordered respondent to cease and desist from the violations and to take certain affirmative action.

The principal contention in opposition to this petition concerns the violation of Section 8(a)(5), involving respondent's refusal to bargain with the union. Respondent argues that its refusal was not culpable since it had a good faith doubt concerning the union's majority status. In particular, respondent challenges the validity of the union's authorization cards which it claims were obtained under a misrepresentation that their sole purpose was to force an election. See NLRB v. Gotham Shoe Manufacturing Co., 359 F.2d 684 (2d Cir. 1966). An attack is also made on the Board's finding that respondent fired an employee to discourage union activity in violation of section 8(a)(3).

Substantial evidence in the record as a whole supports the Board's conclusions which are therefore unassailable here. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Its order is appropriate to redress the violations which the Board has found. See NLRB v. Gotham Shoe Manufacturing Co., supra.

Enforcement granted.